UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

VENUS McCLUSKEY,
    Plaintiff,

vs.

COMMISSIONER OF
SOCIAL SECURITY,
    Defendant.

Case No. 1:12-cv-617
Beckwith, J.
Litkovitz, M.J.

REPORT AND
RECOMMENDATION

This matter is before the Court on plaintiff's motion for attorney fees under the Social Security Act, 42 U.S.C. § 406(b)(1) (Doc. 27) and the Commissioner's opposing memorandum (Doc. 34).

**I. Background**

Pursuant to 42 U.S.C. § 406(b)(1)(A), a court may award a prevailing claimant's attorney a reasonable fee not in excess of 25% of past-due benefits recovered by the claimant for work performed in a judicial proceeding. *See Horenstein v. Sec'y of H.H.S.*, 35 F.3d 261, 262 (6th Cir. 1994) (*en banc*) (court may award fees only for work performed before the court, and not before the Social Security Administration (SSA)). Plaintiff is the prevailing party in this case. On August 13, 2013, the District Judge issued an Order adopting the undersigned's Report and Recommendation to reverse the Commissioner's decision denying plaintiff's claim for benefits and remanded the matter for further administrative proceedings pursuant to Sentence Four of 42 U.S.C. § 405(g). (Docs. 21, 22). On remand, the SSA found in plaintiff's favor and awarded plaintiff monthly disability benefits beginning July 2009. (Doc. 34, Exh. A). Because plaintiff obtained a fully favorable decision on remand, plaintiff's attorney is entitled to a reasonable fee award.

On November 7, 2013, plaintiff filed a motion for an award of attorney fees with this Court under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d)(1)(A). (Doc. 24). The Court granted the motion as unopposed and awarded plaintiff attorney fees in the amount of $2,635.00 and costs in the amount of $350.00 by Order dated December 9, 2013. (Doc. 25). Plaintiff's counsel did not receive the payment because the amount awarded was offset to satisfy a pre-existing debt that plaintiff owed to the United States. (Doc. 34 at 1; *see Astrue v. Ratliff*, 560 U.S. 586 (2010) (an award of EAJA fees may be offset against any pre-existing debt the plaintiff owes to the United States)).

The SSA subsequently sent plaintiff a Notice of Award dated May 9, 2015, informing her that she was entitled to monthly disability benefits beginning July 2009 and past-due disability insurance benefits in the amount of $53,661.00 for the period July 2009 through March 2015. (Doc. 34, Exh. A, p. 3). The notice stated that the SSA had received information that plaintiff's counsel had withdrawn and had waived payment of administrative fees for her work before the SSA.[1] (*Id.*). The notice informed plaintiff that the SSA was withholding $13,415.25 from her award of disability benefits, which represented 25% of past-due benefits, "in case your attorney files for court 406(b) fees for their work before the courts." (*Id.*).

The SSA thereafter advised plaintiff's counsel by letter dated September 28, 2015, that it was withholding the amount of $13,415.25, which represented 25% of the past-due benefits for plaintiff, "in anticipation of direct payment of an authorized attorney's fee." (*Id.*, Exh. C). The letter stated that its purpose was to determine whether counsel had petitioned the Administrative Law Judge for administrative fees. (*Id.*). The SSA asked plaintiff's counsel to advise it in

---

[1] Plaintiff's counsel had written a letter to the Office of Disability, Adjudication and Review in Charlotte, North Carolina dated May 28, 2014, informing the agency that she was "withdrawing as counsel" for plaintiff on her disability claims and was "waving [sic] all fees." (Doc. 34, Exh. B).

2

writing whether she had petitioned or would petition for a fee, and it advised her that any petition for court fees should be submitted to the District Court. (*Id.*).

On October 30, 2015, counsel submitted to the SSA a "Petition to Obtain Approval of a Fee for Representing a Claimant before the Social Security Administration." (*Id.*, Exh. D). Counsel indicated on the form that she requested approval of a fee in the amount of $8,434.11 for services performed from December 17, 2009 to October 1, 2015. (*Id.*). Counsel also indicated that she and plaintiff had entered into a fee agreement in the amount of $6,000.00 for services before the SSA. (*Id.*). Finally, counsel indicated that she had rendered services relating to the matter before a State or Federal court and that the fee she had charged or would charge for her services was $2,635.00.[2] (*Id.*).

Plaintiff filed her motion for attorney fees on August 22, 2016, requesting $8,434.11 in attorney fees under 42 U.S.C. § 406(b) for 15.5 hours of work counsel performed before the Court. (Doc. 27). Plaintiff has attached a copy of the Contingency Fee Agreement she and counsel signed in this matter. (Doc. 27-1). The agreement provides for payment of a fee equal to 25% of past-due benefits, or, if less, the maximum allowed pursuant to 42 U.S.C. § 406(b), for services through the initial hearing and an appeal to the Appeals Council. (Doc. 27-1). The agreement further provides that fees for services beyond the appeal to the Appeals Council "will still be 25% of the past due benefits resulting from all claims" but will not be subject to the maximum amount specified in 42 U.S.C. § 406(b).

The Commissioner opposes plaintiff's motion for attorney fees under § 406(b) on the grounds: (1) the motion is untimely pursuant to S.D. Ohio Civ. R. 54.2(b); (2) granting the fee request despite its untimeliness would significantly prejudice plaintiff and/or the Commissioner;

---

[2] This is the amount plaintiff requested under the EAJA. (*See* Doc. 27).

3

and (3) the Court lacks the authority to pay a § 406(b) fee to counsel because the past-due benefits out of which the fee was to have been paid have been disbursed to plaintiff. (Doc. 34).

## II. Plaintiff's § 406(b) motion is untimely.

Fed. R. Civ. P. 83 authorizes a district court to adopt local rules "governing its practice," including rules governing the timeliness standards for the filing of attorney fee applications. *Miltimore Sales, Inc. v. Intl. Rectifier, Inc.*, 412 F.3d 685, 693 (6th Cir. 2005). This District Court adopted Local Rule 54.2(b) effective January 1, 2016, to establish a time limit for filing attorney fee motions under § 406(b). The Rule states:

> An attorney seeking fees awarded under § 206(b) of the Social Security Act, 42 U.S.C. § 406(b), must file a motion for fees no later than forty-five days after entry of judgment or the date shown on the face of the social security certificate award (notice of award), whichever is later.

S.D. Ohio Civ. R. 54.2(b); *see* General Order No. 15-04 re: Adoption of Local Rules (S.D. Ohio). Prior to enactment of the Rule, motions for attorney fees under § 406(b) were governed by Fed. R. Civ. P. 54(d)(2), which required that any motion for attorney's fees be filed "no later than 14 days after the entry of judgment," unless otherwise provided by a court order or statute. The Commissioner acknowledges that Local Rule 54.2(b) did not take effect until after the SSA issued the Notice of Award in this case. (Doc. 34). The Commissioner nonetheless argues that plaintiff's motion for attorney fees under § 406(b) must be dismissed as untimely because plaintiff's counsel did not act within a reasonable period of time by filing the motion 471 days after the SSA issued the Notice of Award and 234 days after Local Rule 54.2(b) took effect. (*Id.* at 2-3). The Commissioner argues that plaintiff's counsel had notice of the need to file the fee petition within "a reasonable time" notwithstanding the fact that the Notice of Award predated the enactment of Local Rule 54.2(b). (*Id.* at 3). First, the Commissioner alleges that counsel was put on notice of Local Rule 54.2(b) when it was enacted because this Court publicly posted the proposed changes to the

4

Local Rules at least 30 days prior to the effective date of the changes per General Order 15-04. (*Id.* at 3). Further, the Commissioner alleges that a number of decisions from this Court which predate Local Rule 54.2(b) gave plaintiff's counsel notice of the need to file fee petitions under § 406(b) "in a timely manner." (*Id.*, citing *Short v. Comm'r of Soc. Sec.*, No. 12-cv-574, 2015 WL 4465189, at *3 (S.D. Ohio July 21, 2015) (collecting cases); *Lasley v. Comm'r of Soc. Sec.*, No. 1:10-cv-394, 2013 WL 3900096 (S.D. Ohio July 29, 2013) (Report and Recommendation), *adopted*, 2013 WL 6147841 (S.D. Ohio Nov. 22, 2013), *aff'd*, 771 F.3d 308 (6th Cir. 2014); *see also Ferry v. Comm'r of Soc. Sec.*, 1:13-cv-482, 2016 WL 4471672, at *2-3 (S.D. Ohio Aug. 4, 2016), (Report and Recommendation), *adopted,* 1:13-cv-482, 2016 WL 4447819 (S.D. Ohio Aug. 24, 2016)).

Prior to the adoption of Local Rule 54.2(b), this Court acknowledged the practical difficulty and inherent unfairness of applying Fed. R. Civ. P. 54(d)(2)'s filing deadline in disability cases that were remanded for further administrative proceedings. *See Lasley*, 2013 WL 3900096, at *3-4. While the 14-day filing deadline under Rule 54(d)(2) runs from the entry of judgment, the amount of any past-due benefits from which an attorney fee may be calculated is not known at the time of judgment when a disability appeal is remanded by the court for further administrative proceedings. *Id*. Thus, before Local Rule 54.2(b) was adopted, judges in this district applied principles of equitable tolling in connection with Fed. R. Civ. P. 54(d)(2) to determine whether a § 406(b) attorney fee petition filed past the time limit set forth in Rule 54(d)(2) was timely. *Id.*, at *3; *Short*, 2015 WL 4465189, at *3 (collecting cases); *Lasley*, 2013 WL 3900096. In determining whether equitable tolling was warranted, judges weighed the following five factors: "(1) the [plaintiff]'s lack of notice of the filing requirement; (2) the [plaintiff]'s lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the [defendant]; and (5) the [plaintiff]'s reasonableness in remaining

5

ignorant of the legal requirement for filing his claim." *Lasley*, 2013 WL 3900096, at *6 (citations omitted); *Short*, 2015 WL 4465189, at *4 (citations omitted).

The Court in *Lasley* found that Fed. R. Civ. P. 54(d)(2) applied in the case before it but that the filing deadline was properly tolled under the Rule until the Notice of Award was issued and counsel was notified of the award. *Id.*, at *4-5. The Court then considered whether equitable tolling was warranted to deem the fee petition, which was filed more than five months after the date of the Notice of Award, timely filed. The Court balanced the length of the delay and some concern over whether counsel had been diligent in requesting a fee against two other factors: plaintiff's filing of an affidavit giving express consent to payment of the full 25% fee in accordance with the contingency fee agreement, and the Commissioner's failure to file any opposition based on the issue of timeliness. *Lasley*, 2013 WL 3900096, at *6. Based on "all relevant factors, including the lack of published binding authority and the relative inconsistency of unpublished authority, as well as the inherent inequity in failing to award any fee to an attorney who has successfully expended time in this Court to the substantial benefit of his client," the Court recommended that equitable tolling be applied to deem the § 406(b) motion timely filed. *Id.* However, the Court also recommended that the claimed fee award be reduced based in part on "counsel's delay in filing the § 406(b) motion." *Id.*, at *8.

In *Short*, the Court found that the 14-day filing deadline of Fed. R. Civ. P. 54(d)(2) applied to plaintiff's motion for attorney fees under § 406(b). *Short*, 2015 WL 4465189, at *2. However, the Court noted that other district courts had generally applied Fed. R. Civ. P. 54(d)(2) together with equitable tolling to extend the filing deadline for § 406(b) motions by using the Notice of Award "as the operative 'judgment' date." *Id.*, at *3 (collecting cases). Applying the equitable tolling factors enumerated in *Lasley* to the facts of the case before it, the Court found that the balance of factors did not weigh in favor of applying equitable tolling. The Court determined that counsel had

6

actual or constructive notice of the timely filing requirement based on prior case law and a personal warning counsel had received more than one year earlier that any § 406(b) motion should be filed within 14 days of the date of the Notice of Award. *Id.*, at *4-5. Despite the express warning, counsel offered no reason for waiting nearly six months after admitted receipt of the Notice of Award to file her § 406(b) motion. *Id.*, at *5. In addition, the Court found that plaintiff's failure to respond to defendant's opposition to the motion for fees, which directly challenged the timeliness of the motion, "only underscore[d] the lack of equitable grounds for tolling on the facts presented." *Id.*, at *5. The Court therefore found that equitable tolling of the deadline was not warranted and the motion for fees was untimely.

In *Ferry*, plaintiff filed the motion for attorney fees under § 406(b) six months after the Notice of Award was issued in October 2015 and three months after Local Rule 54.2(b) was enacted. *Ferry*, 2015 WL 4465189, at *3. The Court acknowledged that Local Rule 54.2(b) became effective only a few months before counsel filed her motion for fees; that "prior application of Rule 54(d)(2) and equitable tolling by this Court often led to inconsistent results and attorney confusion about the time limits for filing a § 406(b) motion"; that counsel had obtained excellent results and the amount of fees requested was reasonable; and that defendant had not opposed the motion for attorney fees. *Id.*, at *2-3. The Court concluded in light of these factors that the filing deadline should be equitably tolled. *Id.*, at *3.

In this case, judgment was entered by the Court on August 13, 2013, and the Notice of Award was issued on May 9, 2015. (Doc. 22; Doc. 34, Exh. A). Because the Notice of Award was issued long before Local Rule 54.2(b) became effective on January 1, 2016, it is appropriate to apply principles of equitable tolling to determine whether plaintiff timely filed her motion for attorney fees under § 406(b). Weighing of the relevant factors leads to the conclusion that

application of equitable tolling of the filing deadline is not warranted under the circumstances presented here.

This Court had determined prior to issuance of the Notice of Award in this case that "the time for filing a petition for fees pursuant to § 406(b) is governed by Rule 54(d)(2)." *See Boston v. Comm'r. of Soc. Sec.*, 1:10-cv-408, 2014 WL 49858, at *1, n.2 (S.D. Ohio Jan. 7, 2014), (Report and Recommendation), *adopted*, 2014 WL 1814012 (S.D. Ohio May 7, 2014). The Court expressly warned plaintiff's counsel in *Boston* that "in the future, any § 406(b) motion should be . . . filed [] within fourteen days of the Notice of Award."[3] *Id*. Despite having been expressly warned in 2014 of the need to file her § 406(b) motion within 14 days of a Notice of Award, plaintiff's counsel waited more than one year – or 471 days – after the May 9, 2015 notice was issued in this case to file her § 406(b) motion. Further, although plaintiff's counsel did not have notice of the 45-day filing deadline established by Local Rule 54.2(b) at the time the Notice of Award was issued in this case, she should have had notice of the deadline when it was subsequently enacted. As the Commissioner notes in her opposing memorandum, the proposed changes to Local Rule 54 were published on the District Court's website 30 days before the Rule was enacted. *See* General Order 15-04. Yet, despite this additional notice of the need to proceed with diligence, plaintiff's counsel delayed filing her § 406(b) motion until 234 days after Local Rule 54.2(b) was enacted. Counsel did not act diligently by waiting such an extended period of time after the Notice of Award was issued and the 45-day filing period of Local Rule 54.2(b) was imposed to seek a fee under § 406(b). Nor has counsel offered any reason for waiting until approximately 15 months after the Notice of Award was issued and seven months after Rule 54.2(b) was enacted to request a § 406(b) fee. Although the Commissioner filed a response in opposition to the attorney fee motion based solely on the untimeliness of plaintiff's motion,

---

[3] Counsel for plaintiff in this case was also counsel for the plaintiff in *Boston*.

8

counsel has not replied and has not attempted to explain why she waited such an extended length of time to request a fee under § 406(b).

As a final consideration, the Court finds that the Commissioner has been prejudiced by the substantial delay and the confusion in the fee process created by plaintiff's counsel. Plaintiff's counsel initially represented to the SSA in writing on May 28, 2014, that she was withdrawing as counsel for plaintiff and was "waving [sic] all fees." (Doc. 34, Exh. B). The SSA reasonably interpreted counsel's representation to mean that she was waiving the "406(b) fee with the court." (*Id.*). The SSA nonetheless withheld fees in an amount that represented 25% of past-due benefits for plaintiff in anticipation of payment of attorney fees to counsel and sought information from counsel regarding authorization for her to receive the fee in September 2015. (*Id.*, Exh. C). Counsel submitted a fee petition on October 30, 2015, for work performed before the SSA, but it is not clear from the petition whether she intended to seek a § 406(b) fee from the Court. (*Id.*, Exh. D). The SSA subsequently informed plaintiff on February 14, 2016, that she would soon be receiving a check in the amount it had been withholding from her past-due benefits for such a fee. (*Id.*, Exh. E). It was not until August 2016, approximately six months after the SSA informed plaintiff it was sending a check in the amount that represented the withheld fee to her, that plaintiff's counsel filed her § 406(b) motion in this Court. (Doc. 27). By that point, the amount the SSA had withheld from the past-due benefits in anticipation of a fee award to be paid to plaintiff's counsel had been disbursed to plaintiff; thus, it is no longer available to be paid to counsel for her fee. (Doc. 34 at 5). Any § 406(b) fee to be paid at this time would have to be disbursed from the disability trust fund. (*Id.*). It would not be equitable to require the SSA to pay counsel's fee out of the disability trust fund rather than from the past-due benefits initially set aside for that purpose when it was a lack of diligence and confusion created

9

by plaintiff's counsel that led to the release of those benefits.[4]

Accordingly, the balance of factors in this case weighs against equitable tolling of the filing deadline applicable to plaintiff's § 406(b) attorney fee motion. Plaintiff's counsel waited an unreasonable period of time following issuance of the Notice of Award and enactment of Local Rule 54.2(b) to file the motion. Counsel has not offered any explanation for the delay and no justification is apparent from the record. Counsel's substantial and unjustified delay in filing the motion, coupled with the prejudice resulting from the SSA's disbursement to plaintiff of the past-due benefits initially set aside for payment of a § 406(b) fee, leads to the conclusion that equitable tolling of the filing deadline is not warranted. The motion for attorney fees should be denied as untimely.

**IT IS THEREFORE RECOMMENDED THAT:**

Plaintiff's motion for attorney fees under 42 U.S.C. § 406(b) (Doc. 27) be **DENIED**.

Date: 11/18/16

Karen L. Litkovitz
United States Magistrate Judge

---

[4] In light of the Court's conclusion, it is not necessary to address defendant's contention that § 406(b) does not constitute a waiver of sovereign immunity that would allow the Court to direct the payment of attorney fees out of funds that have already been disbursed to plaintiff. (Doc. 34 at 5, citing *Booth v. Comm'r of Soc. Sec.*, 645 F. App'x 455, 458 (6th Cir. 2016) (Because § 406(b) "provides that fees for court representation are paid 'out of, and not in addition to, the amount of [the] past-due benefits,' . . . the Commissioner could not be ordered to pay the fee out of the past-due benefits that had already been disbursed; moreover, "the Commissioner is immune from claims for payment of attorney's fees out of the Administration's own funds" because the Commissioner has not waived sovereign immunity).

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

VENUS McCLUSKEY,
    Plaintiff,

vs.

COMMISSIONER OF
SOCIAL SECURITY,
    Defendant.

Case No. 1:12-cv-617
Beckwith, J.
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).